UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JACKSON,

    Petitioner,

v.                                                           Civil Action No. 4:12-cv-11463
                                                           Honorable Gershwin A. Drain

WILLIE SMITH,

    Respondent.
_____/

**AMENDED ORDER DENYING MOTION FOR AN EVIDENTIARY
HEARING [#10] AND EX PARTE REQUEST FOR APPOINTMENT OF COUNSEL [#9]**

Petitioner, Michael Jackson, filed the instant 28 U.S.C. § 2254 habeas corpus action on April 2, 2012. Presently before the Court is Petitioner's "Motion Request for an Evidentiary Hearing" [Dkt. No. 10], and Petitioner's "Ex Parte Request for Assistance and Appointment of Counsel [Dkt. No. 9]. Petitioner requests an evidentiary hearing with respect to his ineffective-assistance-of-counsel claim and counsel to assist him in these habeas proceedings. For the reasons stated below, the Motion and Request are denied.

### I. Evidentiary Hearing

The Court finds that an evidentiary hearing is not warranted at this time. Petitioner's request remains premature.

Rule 8(a) of the Rules Governing Section 2254 Cases states in pertinent part: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." The district court has discretion to determine whether a habeas petitioner is entitled

to an evidentiary hearing. *Brofford v. Marshall*, 751 F.2d 845, 853 (6th Cir. 1985); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his or her claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by [section] 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his or her claims if they lack merit. *See Stanford v. Parker*, 266 F.3d 442, 459-60 (6th Cir. 2001); *see also Cullen v. Pinholster*, 563 U.S. ---, 131 S.Ct. 1388 (2011) (holding that habeas review under section 2254(d) is "limited to the record that was before the state court.").

Under the provisions of the AEDPA, evidentiary hearings are not mandatory in habeas cases. *See Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Kirschke v. Prelesnik*, No. 2:11-CV-10654, 2012 WL 246272 (E.D. Mich. Jan. 26, 2012) (citing *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989)); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998)).

The Court will deny Petitioner's Motion without prejudice because it has not had the opportunity to review Petitioner's Habeas Petition, Respondent's answer, the Rule 5 materials, or Petitioner's Reply. Without reviewing those materials, the Court is unable to determine whether an evidentiary hearing on his claim is needed. Once the Court reviews the materials, it will be in a better position to determine whether an evidentiary hearing is necessary to resolve the claim raised.

## II. Appointment of Counsel

Petitioner also has requested the appointment of counsel to assist him with his Habeas Petition, specifically in filing his Reply Brief. However, the Court notes that Petitioner filed his Reply Brief along with these Motions on November 20, 2012.

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, "given the difficulty of the case and [Petitioner's] ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side." *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (citation omitted). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

Here, Petitioner has filed a 103-page Habeas Petition, including numerous attached exhibits. And, he has been able to file these Motions and a Reply Brief. The Court concludes that he has the means and ability to present his claims to the Court. Moreover, until the Court has had an opportunity to review all of the pleadings and the Rule 5 materials, it is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Petitioner's Request is denied without prejudice. The Court will reconsider his Request if, following review of the Responsive Pleadings, the Rule 5 materials, and his Reply Brief, the Court determines that appointment of counsel is necessary.

### III. Conclusion

The Court denies without prejudice Petitioner's "Motion for an Evidentiary Hearing [Dkt. No. 10], and "Ex Parte Request for Assistance and Appointment of Counsel" [Dkt. No. 9]. The Court will reconsider Petitioner's Motion and Request if, following review of the pleadings and the Rule 5 materials, it determines that an evidentiary hearing is necessary. If an evidentiary hearing is necessary, then the Court will appoint counsel. Petitioner need not file any additional motions in regard to these issues.

SO ORDERED.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: December 7, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 7, 2012.

s/Tanya Bankston
TANYA BANKSTON
Case Manager