UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JACKSON,

    Petitioner,

v.                                     Civil Action No. 4:12-cv-11463

WILLIE SMITH,                     HON. GERSHWIN A. DRAIN

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION
TO STAY AND ABEY AND ADMINISTRATIVELY CLOSING CASE**

**I. INTRODUCTION**

This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Michael Jackson is incarcerated by the Michigan Department of Corrections, currently housed at the Carson City Correctional Facility in Carson City, Michigan. On May 1, 2009, a jury convicted him of felon-in-possession, possession of a short-barreled shotgun, and two counts of felony firearm. On August 28, 2009, the trial court sentenced him to concurrent sentences of thirty-four months to ten years for his convictions for felon-in-possession and possession of a short-barreled shotgun. He will serve those sentences after he first serves his two-year sentences for each of his felony-firearm convictions. Petitioner's convictions occurred in the Circuit Court in Bay County, Michigan.

Petitioner filed this habeas petition alleging that his convictions and sentences are unconstitutional because there was insufficient evidence to convict him and the identification procedure used was improper. Pet'r's Pet. for Writ of Habeas Corpus, Apr. 2, 2012, ECF No. 1. Respondent filed his answer and the Rule 5 materials on October 12, 2012. Resp't's Resp., Oct. 12, 2012, ECF Nos. 6 & 7. Subsequently, on May 24, 2013, Petitioner filed a Motion to Stay and Abey.

*See* Dkt. No. 14.  He asks the Court for a stay so he can return to state court to exhaust claims concerning his felon-in-possession conviction and the effectiveness of his appellate counsel.  For the reasons stated, the Court grants his motion.

## II.  DISCUSSION

Following his convictions and sentencing, Petitioner filed his direct appeal with the Michigan Court of Appeals, raising claims concerning errors in the trial court, double jeopardy, the sufficiency of the evidence, and the use of an improper identification procedure.  On January 20, 2011, the Court of Appeals affirmed his convictions and sentences.  *See People v. Jackson*, No. 294112, 2011 WL 192390, at *1 (Mich. Ct. App. Jan. 20, 2011).  The Court of Appeals also denied his motion for reconsideration.  *People v. Jackson*, No. 294112 (Mich. Ct. App. Mar. 8, 2011). Petitioner did not appeal the Court of Appeals's decision to the Michigan Supreme Court.  Nor did he file a petition for a writ of certiorari with the United States Supreme Court or a motion for relief from judgment with the state trial court.  Instead, he filed the present habeas action.

A prisoner filing a petition for a writ of habeas corpus under section 2254 must first exhaust all state remedies.  *See* 28 U.S.C. § 2254(b)(1).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  A prisoner 'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns.  *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that the state courts must have had the opportunity to pass on a defendant's claims of constitutional

violations) (citations omitted).  A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas-corpus relief.  *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).  The petitioner bears the burden of showing that state-court remedies have been exhausted.  *Rust*, 17 F.3d at 160.

The Michigan Court Rules provide a process by which Petitioner may raise his unexhausted claims.  He can file a motion for relief from judgment pursuant to Michigan's court rule 6.500 *et seq.*, which allows the trial court to appoint counsel, solicit a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on his claims.  Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.  Thus, Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present his or her unexhausted claims to the state courts and then return to federal court on a perfected petition.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).  For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking habeas relief due to the application of the one-year statute of limitations.  *Id.* at 276.  Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics.  *Id.* at 277; *see also Anthony v. Palmer*, No. 10-CV-13312, 2011 WL 1532162, at *1 (E.D. Mich. Apr. 22, 2011) (a federal district court has authority to abate a habeas action pending resolution of state post-conviction proceedings) (citing *Brewer v. Johnson*, 139 F.3d 491, 493 (5th

Cir.1998)). The United States Court of Appeals for the Sixth Circuit has advised that it is preferable for a district court to hold further proceedings on a habeas petition pending exhaustion, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652 n. 1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (same).

Here, the Court finds that Petitioner has sufficiently demonstrated the need for a stay. It appears that his claims are not exhausted, and the one-year limitations period applicable to habeas actions would pose a problem for him, if this Court were to dismiss the petition to allow further exhaustion of state remedies. 28 U.S.C. § 2244(d)(1). Further, Petitioner's claims do not appear to be "plainly meritless." *Rhines*, 544 U.S. at 277. Nor is there an indication of intentional delay.

Therefore, the Court grants Petitioner's motion and stays this case pending his return to the state courts to exhaust his unexhausted claims. However, the Supreme Court in *Rhines* has cautioned that a district court's discretion in structuring the stay is limited by the timeliness concerns in the AEDPA. The *Rhines* Court also stated that a petition should not be stayed indefinitely, and the stay should be conditioned on the pursuit of state remedies within a certain time period after the stay is entered, with the prisoner returning to federal court within a similarly brief period. *Id.* at 277-78. The conditions of the stay are outlined as follows. Petitioner must file his motion for post-conviction relief with the appropriate state court, within sixty days from the date of the Court's order, and he must return to this Court within sixty days of exhausting his state-court remedies. *See Palmer*, 276 F.3d at 781 (approving similar conditions on stay). If the conditions of the stay are not met, "the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.*

### III.  ORDER

Accordingly, Petitioner's Motion to Stay and Abey [#14] is GRANTED.  The Court further orders that this action is stayed so Petitioner can exhaust his state-court remedies as to the claims stated in his motion.  This stay is conditioned upon Petitioner presenting his unexhausted claims to the state courts within sixty days from the date of this order, providing he has not already done so, and upon his returning to this Court with an amended petition, using the same caption and case number, within sixty days of exhausting his state remedies.  If he fails to comply with those conditions, his case may be subject to dismissal.

The Court further orders the Clerk of the Court to close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

SO ORDERED.

/s/Gerswhin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: June 5, 2013